**Andrew WESLEY, Petitioner–Appellant,**

v.

**Randy PFISTER, Warden, Respondent–Appellee.**

No. 15–2253

United States Court of Appeals, Seventh Circuit.

Argued May 26, 2016

Decided August 17, 2016

Rehearing and Rehearing En Banc Denied September 19, 2016 *

Denial of Rehearing En Banc Amended September 26, 2016 **

---

\* Judge Joel M. Flaum and Judge Ilana D. Rovner did not participate in the consideration of this petition.

\*\* Chief Judge Diane P. Wood, Judge Joel M. Flaum, and Judge Ilana D. Rovner did not participate in the consideration of this petition.

Jeffrey VanDam, Attorney, Mayer Brown LLP, Chicago, IL, for Petitioner–Appellant.

Joshua M. Schneider, Attorney, Office of the Attorney General, Chicago, IL, for Respondent–Appellee.

Before WILLIAM J. BAUER, Circuit Judge, DANIEL A. MANION, Circuit Judge, DAVID F. HAMILTON, Circuit Judge

**ORDER**

Andrew Wesley appeals the denial of his habeas petition under 28 U.S.C. § 2254. He was convicted in Cook County Circuit Court of first-degree murder for shooting a man who was involved in a heated argument with a fellow drug dealer outside a liquor store. Wesley appealed his conviction in state court on several grounds, all of which were denied. He then filed a pro se petition with the state court for post-conviction relief based on ineffective assistance of counsel and other grounds. After his post-conviction petition in state court was also denied, and that denial was affirmed on appeal, he petitioned the district court for habeas relief based on ineffective assistance of counsel. Wesley asserted that his counsel was ineffective because he 1) failed to object to the admission of certain hearsay statements, 2) failed to use a peremptory challenge to strike an allegedly biased juror, and 3) failed to investigate and call certain alibi witnesses. The district court denied his petition on each ground and certified only the second issue as appealable: whether his counsel was ineffective for failing to challenge the juror. Wesley appeals. Because Wesley has not shown that the state court's decision involved an unreasonable application of federal law or that it was based on an unreasonable determination of the facts, we affirm the district court's denial of his habeas petition.

### I. Background

Because the district court narrowed the issues on appeal, the only facts of relevance are those concerning *voir dire*. While questioning the *venire*, the district judge asked potential juror Keisha A. if there was anything about the case that bothered her such that she could not be impartial. She said yes, that she lost her relative in a similar manner.[1] However, she assured the judge that she could be impartial. The defense counsel then questioned her. He inquired into the circumstances of her relative's death, the subsequent trial, and that trial's outcome. He then asked her: "If you were picked on this jury would you set that aside and decide this case on the facts and the law that apply to this case or would you still remember that?" Appellant Sep. App. at 20. To which she answered: "It's hard to say. I would try to charge." Appellant Sep. App. at 15.

---

1. Keisha A. said she lost "a close relative to [her] kind of like [her] brother to a similar

listen." *Id.* The defense counsel then asked: "Can you be sure that you will set that aside or not?" *Id.* She replied: "I can't be sure." Keisha A. was not questioned further.

In chambers, the defense counsel moved to strike Keisha A. for cause because she did not state unequivocally that she could set aside her relative's case. The prosecutor pointed out that the defense counsel had asked a compound question, so that it was unclear from her answer whether she was saying she could not be impartial or she could not forget the events of her relative's case. The court found that, given her answers to the judge's previous questions, she could be fair and impartial and so denied the motion to strike for cause. The district court did strike two other potential jurors for cause at the defense counsel's motion.

According to Wesley's affidavit submitted with his state post-conviction petition, he directed his counsel to use a peremptory challenge against Keisha A. and his counsel agreed to do so. His counsel did use a peremptory challenge to strike a juror, but it was not Keisha A. In fact, although Wesley had five peremptory challenges, *see* ILCS S. Ct. R. 434(d), his counsel did not use any to strike her. Keisha A. was ultimately seated on Wesley's jury, which convicted him of murder.

## II. Discussion

We review the district court's findings of fact for clear error and its rulings on questions of law, and mixed questions of law and fact, de novo. *Suh v. Pierce*, 630 F.3d 685, 690 (7th Cir. 2011). We can grant habeas relief to a state prisoner only if "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Since Wesley's claims have already been adjudicated on the merits in state court proceedings,

we can grant relief only if the state court decision 1) "was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States," or 2) "was based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d). The relevant state court decision is that of the last state court to address the claim on the merits. *Garth v. Davis*, 470 F.3d 702, 710 (7th Cir. 2006). Here, that decision is the state appellate court's opinion affirming the trial court's dismissal of Wesley's ineffective assistance of counsel claim.

At the outset, we note: "There is no constitutional right to a peremptory challenge. Rather, peremptory challenges are one time-honored means to protect the constitutional right to an impartial jury.... [A] possible error in administering peremptory challenges that did not deny an impartial jury does not warrant a new trial." *Jimenez v. City of Chicago*, 732 F.3d 710, 715–16 (7th Cir. 2013). Wesley has not shown that he was denied an impartial jury.

The state courts determined that Keisha A. was unbiased. We must review state trial and appellate court findings deferentially. *Sumner v. Mata*, 449 U.S. 539, 546–47, 101 S.Ct. 764, 66 L.Ed.2d 722 (1981). "[A] determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). The trial court determined that Keisha A.'s answers expressing uncertainty did not rise to the level where a strike for cause was appropriate, given that she previously stated that she could be fair and impartial notwithstanding her experience. When denying his post-conviction petition, the court found no evidence to support Wesley's claim that Keisha A.'s hesitation to serve

on the jury affected the outcome at trial in any way. After reviewing the same record, the state appellate court found that Wesley failed to show that he was prejudiced by his counsel's decision not to exercise a peremptory challenge against Keisha A. It found the evidence against Wesley was more than sufficient to prove him guilty beyond a reasonable doubt, and the court could not say that the outcome at trial would have been different without Keisha A. These factual determinations are presumed correct, and Wesley has not rebutted that presumption by clear and convincing evidence.

■ The district court found that Keisha A.'s responses did not compel the conclusion that she was biased. This finding was not clear error. Keisha A.'s expression of doubt was in response to the defense counsel's compound question of whether she would decide Wesley's case on the facts and the law, or whether she would remember the unrelated case of her relative's murder. Keisha A. was not required to forget her past experiences; she was required to "set aside any opinion she might hold, relinquish her prior beliefs, or lay aside her biases or her prejudicial personal experiences." *United States v. Allen*, 605 F.3d 461, 465–66 (7th Cir. 2010). She assured the judge that she would do so. She had previously answered unequivocally to the court's questions that she understood that the case of her relative's murder had nothing to do with Wesley; that she could judge his case based on the evidence and law; that she would not hesitate to sign a not guilty verdict if the state did not carry its burden; and that she would follow the judge's instructions. The court's decision was not based on an unreasonable determination of the facts. *See*

*id.* at 466–67 (upholding district court's denial of defense counsel's motion to excuse potential juror for cause on similar record).

Neither did the state court's decision involve an unreasonable application of clearly established federal law. The federal law at issue here, *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), required Wesley to show that 1) his counsel's performance fell below an objective standard of reasonableness, and 2) but for his counsel's errors, there is a reasonable probability that the outcome of the trial would have been different. *Id.* at 688, 694, 104 S.Ct. 2052. The "bar for establishing that a state court's application of the *Strickland* standard was 'unreasonable' is a high one." *Murrell v. Frank*, 332 F.3d 1102, 1111 (7th Cir. 2003).

■ Wesley's strongest argument is that the state appellate court misapplied the *Strickland* standard because it stated: "while Keisha A. expressed she could not be sure she could set aside her past experiences when deciding defendant's case, she did not indicate *a clear and strong bias* against the defendant in her *voir dire* responses." Appellant Br. at A42 (emphasis added). Wesley argues that the appellate court's ruling was unreasonable because federal law does not require a showing of "clear and strong bias" before a juror is deemed sufficiently biased to prejudice a defendant.[2] Wesley, however, is reading the appellate court's statement out of context. The state appellate court was not reviewing the decision to exclude Keisha A. de novo. It was reviewing the post-conviction court's ruling that Wesley was not prejudiced by Keisha A.'s inclusion on the jury, and it was affording the

---

**2.** The district court acknowledged this argument in passing but did not address it. Instead, it found that Wesley failed to show that

his counsel's decision not to use a peremptory challenge was not a matter of trial strategy, and therefore not deficient performance.

trial court the necessary deference that must be given for determinations of juror impartiality. *See People v. Johnson*, 149 Ill.2d 118, 171 Ill.Dec. 401, 594 N.E.2d 253, 263 (1992). The court's statement, properly read, is that Keisha A.'s responses did not indicate a bias strong enough to overcome the deference that must be given to trial court determinations of juror impartiality. *See Mu'Min v. Virginia*, 500 U.S. 415, 428, 111 S.Ct. 1899, 114 L.Ed.2d 493 (1991) ("A trial court's findings of juror impartiality may be overturned only for manifest error." (internal quotation marks omitted)).

## III. Conclusion

Wesley has not shown that the state court's decision involved an unreasonable application of federal law or that it was based on an unreasonable determination of the facts. Accordingly, we AFFIRM the district court's denial of Wesley's habeas petition.[3]

---

3. Wesley argues that he should be granted an evidentiary hearing on remand to establish that his counsel's decision not to use a peremptory challenge to strike Keisha A. was not a strategic decision, but deficient performance. He also argues that this would allow the district court to consider the issue of prejudice in the first instance, since the district court decided his claim on the issue of performance only. However, the state appellate court found that he was not prejudiced by his counsel's decision, and we hold that that decision was not unreasonable. His request for an evidentiary hearing is therefore moot.